UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1: 07-cr-146-009 |
| | ) | *Judge Edgar* |
| | ) | |
| MICHAEL VINCENT SMITH | ) | |

**MEMORANDUM**

A jury convicted defendant Michael Vincent Smith of conspiracy to distribute 100 kilograms or more of marijuana, and less than 500 grams of cocaine hydrochloride. In his motion for acquittal or new trial [Doc. No. 264] he contends that there was insufficient evidence to convict him.

**I.     Motion For New Trial**

Fed. R. Crim. P. 33(a) provides that upon the defendant's motion, the Court may grant a new trial "if the interest of justice so requires." Defendant bears the burden of demonstrating that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Motions for new trial under Rule 33 are generally disfavored and are granted only in extraordinary circumstances where the evidence preponderates heavily against the jury's verdict. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007); *Seago*, 930 F.2d at 488; *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). This Court considers the credibility of the witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. *Hughes*, 505 F.3d at 593; *United States v. Lutz,* 154 F.3d 581, 589 (6th Cir. 1998); *Ashworth*, 836 F.2d at 266.

1

In this case the evidence warranted the verdict reached by the jury, and there was no miscarriage of justice. The government's case consisted of the testimony of a co-conspirator and numerous wire tapped phone calls in that the defendant was a participant. The defendant himself testified, and in essence admitted his participation in the essential elements of the conspiracy with which he was charged.

The only substantial question defendant raises in his post-trial motion is that he had only a buyer-seller relationships with his supplier, and therefore was not a member of a conspiracy to distribute a controlled substances. This contention, however, contradicted by the facts. It is clear that defendant was both a buyer and a seller/distributor. He had by his own admission at least one customer. Moreover, it is clear from the evidence that defendant's suppliers knew that defendant had drug customers.

## II. Motion For Judgment of Acquital

With regard to the motion for judgment of acquittal under Fed.R. Crim P. 29, the Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. The Court under Rule 29 does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979); *United States v. Walls*, 293 F.3d 959, 967 (6th Cir. 2002); *United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997); *United States v. Hilliard,* 11 F.3d 61, 620 (6th Cir. 1993); *cf. Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under the broader standard of review required by Fed. R. Crim. P. 33, this Court has already determined that a new trial is not warranted. *A fortiori* this Court, under the much narrower standard

2

provided by Rule 29, must conclude that a rational jury could have found that the elements of each of the offenses of conviction were proved beyond a reasonable doubt.

Accordingly, an order will enter denying the defendant's Motion for Acquittal or New Trial [Doc. No. 264].

SO ORDERED.

ENTER this the 7th day of May, 2008.

                              */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                   UNITED STATES DISTRICT JUDGE