UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:07cr146 |
| | ) | *Edgar* |
| | ) | |
| MICHAEL VINCENT SMITH | ) | |

**ORDER**

On July 23, 2008 Defendant Michael Vincent Smith filed a Second Motion for a New Trial based on alleged new evidence. [Court Doc. No. 352]. He has further filed a motion seeking this court's deferral of a ruling on the motion for a new trial until after Defendant obtains a copy of the trial transcript. [Court Doc. No. 354]. On July 24, 2008 Defendant filed a Notice of Appeal seeking review of his conviction and sentence with the United States Court of Appeals for the Sixth Circuit. [Court Doc. No. 353]. On October 23, 2008 the Sixth Circuit remanded this case to this court for the limited purpose of deciding Defendant's second motion for a new trial. [Court Doc. No. 370].

On October 9, 2008 Defendant moved this court for a copy of the transcripts of his criminal trial to assist him in formulating his legal arguments for a motion based on 28 U.S.C. § 2255, as well as his motion for a new trial. [Court Doc. No. 368]. Federal prisoners do not have a right under either the United States Constitution or 28 U.S.C. § 753(f) to obtain transcripts at public expense to assist them in preparing § 2255 motions to be filed in the future. Defendant Smith's motion for transcripts is premature. There is no right to a transcript until after a § 2255 motion is filed. A transcript may be furnished to a federal prisoner at government expense under

28 U.S.C. § 753(f), but only after the § 2255 motion has actually been filed and the court determines a transcript is necessary to decide a nonfrivolous issue raised in the § 2255 motion. *United States v. MacCollom*, 426 U.S. 317, 323-26 (1976); *Corrigan v. Thoms*, No. 02-5664, 2003 WL 343247, *2 (6th Cir. Feb. 12, 2003); *United States v. Alcorn*, No, 00-5635, 2001 WL 278693, *1 (6th Cir. Mar. 12, 2001); *United States v. Cook*, No. 00-5185, 2001 WL 128428, *2 (6th Cir. Feb. 6, 2001); *United States v. Horvath*, 157 F.3d 131, 132-33 (2d Cir. 1998). Thus, Defendant is not entitled to a free trial transcript to help him prepare a motion pursuant to 28 U.S.C. § 2255.

In addition, the provision of a free trial transcript to an indigent defendant for use in preparing a motion for a new trial is discretionary with the court. *See United States v. Banks*, 369 F.Supp. 951, 955 (D.C. Penn. 1974). Factors to consider may include such things as whether the trial judge will be reviewing the motion for a new trial, the length of the trial, the usefulness of the transcript in resolving any dispute regarding the testimony or opposing views, and the grounds for the motion. *Id.* After reviewing these factors, the court has determined that Defendant Smith is not entitled to a trial transcript free of charge. This court will be reviewing his motion for a new trial and has intimate knowledge of the testimony. Moreover, the trial was not unduly lengthy. Further, the court understands Smith's primary allegation to be related to the credibility of a government witness based on a brief affidavit signed by that witness and attached to the motion for a new trial. The relevant trial testimony and other supporting evidence are not so lengthy or complicated that the parties cannot make adequate arguments regarding the pertinent issues without the trial transcript, given this court's recollection of the evidence presented at trial. Therefore, Defendant Smith's motion for a trial transcript to be

provided to him at government expense is **DENIED**. [Court Doc. No. 368]. In addition, his motion to postpone this court's review of the motion for a new trial until after Defendant obtains a trial transcript is also **DENIED**. [Court Doc. No. 354]. The Defendant has had adequate time by this point to obtain a trial transcript at his own expense.

With respect to Defendant's second motion for a new trial, the government has not yet responded. Thus, the court hereby **ORDERS** the government to file its response to Defendant's second motion for a new trial [Court Doc. No. 352] by **December 1, 2008**.

SO ORDERED.

ENTER this the 29th day of October, 2008.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE