UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:07cr146 |
| | ) | *Edgar* |
| | ) | |
| MICHAEL VINCENT SMITH | ) | |

**MEMORANDUM**

Defendant Michael Vincent Smith brings a second motion for a new trial before this court. [Court Doc. No. 352]. This court has already denied the Defendant's first motion for a new trial. [Court Doc. No. 266]. Defendant has also filed a motion to reopen discovery, schedule an evidentiary hearing, and subpoena witnesses. [Court Doc. No. 372]. This court ordered the government to respond to Defendant's second motion for a new trial, and the government has now complied with that order. [Court Doc. No. 377]. The court has reviewed the record, the arguments made by the parties, and the applicable law and has determined that Defendant's motion for a new trial based on newly discovered evidence is without merit and will be **DENIED**.

## I.     Background

On April 25, 2008 a jury convicted Defendant of conspiring to distribute one hundred kilograms or more of marijuana and less than five hundred grams of cocaine hydrochloride. Defendant moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 based on alleged newly discovered evidence. The newly discovered evidence consists of an affidavit signed by one of the government's witnesses at trial, Brian Matheny, on June 23, 2008, after the

jury's verdict. The affidavit states in full:

> I Brian Matheny do solemnly [sic] swear that I have never personally [sic] sold or delivered Richard Kontour more than 50 kilograms of marijuana or more than 2.5 kilograms of cocaine. Nor have I physically witnessed any dealings where Richard Kontour purchased cocaine or marijuana with any individuals [sic] other than me.

[Court Doc. No. 352-2, "Matheny Aff."]. Defendant argues that this testimony contradicts prior drug amounts that he allegedly admitted to selling to Mr. Kontour and would therefore raise doubts regarding his credibility and potentially affect the substance of his testimony. The government admits that the affidavit indicates lesser drug quantities than admitted to by Mr. Matheny and Mr. Kontour in proffer sessions and that the drug quantity in the affidavit is less than what Mr. Kontour admitted to under oath when he pleaded guilty at his re-arraignment.

However, the government argues that the weight of the other evidence, aside from Mr. Matheny's testimony, clearly established a basis for the jury's verdict regarding the specific drug quantities. It contends that in addition to testimony from Matheny pertaining to Defendant, the jury heard testimony regarding Matheny's trips to Atlanta to obtain drugs from Kirk Spence and testimony that Defendant usually received between fifteen and twenty pounds of marijuana per week from each trip. The government also reminds the court of the recorded telephone calls that the jury heard of conversations between co-defendants and Defendant indicating that Defendant had received over 100 kilograms of marijuana. Defendant even told co-defendant Brian Maldonado in one of the recorded conversations that he had "sold half a million dollars" of marijuana for his co-defendants in one year. The jurors also considered evidence regarding different seizures of large quantities of marijuana and cocaine, as well as evidence that upon Defendant's arrest, he was found with over six pounds of marijuana packaged into one pound

-2-

and one-half pound bags.  Investigator Casey Cox also testified at the trial and indicated that

Defendant told him that there was a man in Atlanta for whom he had sold a lot of "weed."

Further, Defendant's own testimony indicated that he admitted to purchasing cocaine and

marijuana and selling it to a least one other person.

## II.      Analysis

Pursuant to Federal Rule of Criminal Procedure 33 a court may vacate a judgment and

grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A defendant

bears the burden of demonstrating that a new trial is appropriate and "[m]otions for a new trial

based on newly discovered evidence should be granted with caution."  *United States v. Seago*,

930 F.2d 482, 488 (6th Cir. 1991).  The Sixth Circuit requires that new evidence sufficient to

grant a new trial must adhere to certain requirements.  *Id.*  A defendant must demonstrate the

following elements to obtain a new trial:

> (1) the new evidence was discovered after the trial; (2) the evidence could not
> have been discovered earlier with due diligence; (3) the evidence is material and
> not merely cumulative or impeaching; and (4) the evidence would likely produce
> acquittal.

*Id.* (citing *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)) *See also, United States v.*

*Barlow*, 693 F.2d 954, 966 (6th Cir. 1982).  In addition, a motion for a new trial due to new

evidence is "disfavored."  *O'Dell*, 805 F.2d at 640.  Further, "the mere existence of impeaching

evidence does not warrant a new trial."  *United States v. Davis*, 15 F.3d 526, 532 (6th Cir. 1994);

*United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976).  Only where a material government

witness recants his trial testimony is a different test, known as the *Gordon* standard, applied.  *See*

*United States v. Ricketts*, 111 F.App'x 812, 814 (6th Cir. 2004) (citing *Gordon v. United States*,

178 F.2d 896, 900 (6th Cir. 1949)); *United States v. Willis*, 257 F.3d 636, 643 (6th Cir. 2001).

The *Gordon* standard requires that:

> A new trial should be granted where the court is reasonably well satisfied that the testimony given by a material witness is false; that, without it, the jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.

*Gordon*, 178 F.2d 896, 900 (6th Cir. 1949).

In this case the court finds that the *Gordon* standard does not apply because Matheny's affidavit does not recant his trial testimony. The amount of drugs Matheny sold to co-defendant Richard Kontour was not at issue in the trial because Mr. Kontour pleaded guilty. Therefore, Matheny did not testify regarding the amount of drugs he sold to Mr. Kontour at Defendant's trial. His later affidavit does not contradict any of his testimony in Defendant's trial.

For this reason, the court applies the test outlined in *O'Dell* to determine whether to grant Defendant's motion for a new trial. The Defendant meets the first two prongs of the *O'Dell* test. The evidence was discovered after the trial and could not have been discovered earlier with due diligence because it did not exist until Matheny signed the affidavit in June, after the trial was over.

However, Defendant cannot meet the third and fourth requirements of the *O'Dell* test. The affidavit, which contradicts statements made in Matheny's proffer sessions with Kontour, would only be useful for impeaching Matheny's credibility rather than establishing Defendant's innocence of the crimes for which he was convicted. The affidavit does not even mention Defendant in any way, nor does it somehow provide evidence that Defendant was not involved in the conspiracy. At most, the affidavit suggests that Matheny has been inconsistent about drug quantities sold to Mr. Kontour. This is, however, mere impeachment evidence, and does not

-4-

meet the third factor of the *O'Dell* test.

Moreover, Defendant cannot meet the last prong of the *O'Dell* test. Defendant must show that the evidence likely would produce an acquittal. Even if the affidavit were admitted, it would only suggest to the jury that Matheny was not credible. However, an overwhelming amount of other evidence also served to establish Defendant's guilt regarding the two crimes charged. Such evidence includes testimony regarding traffic stops where police obtained significant quantities of marijuana and cocaine, Defendant's own trial testimony including his admission that he bought and sold drugs, recorded telephone conversations between the defendants, and Defendant's statement that he had sold about a million dollars worth of drugs over the course of the year for other co-defendants. In addition, upon arrest, Defendant had over six pounds of marijuana at his home. This court heard all of the overwhelming evidence of Defendant's guilt and is satisfied there was enough evidence to convict him even absent Matheny's testimony. Such evidence was sufficient to convict the Defendant even if the jury had been privy to Matheny's affidavit which contradicted statements made in proffer sessions. For these reasons, Defendant's second motion for a new trial will be denied.

In addition, the court finds no support for Defendant's motion to reopen discovery, hold an evidentiary hearing, and subpoena witnesses. Therefore, this motion will also be denied.

## IV.  Conclusion

Based on the analysis outlined *supra*, Defendant's second motion for a new trial will be

**DENIED**.  Defendant's motion to reopen discovery will also be **DENIED**.  A separate order will

enter.


*/s/ R. Allan Edgar*

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
